UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

AT LOUISVILLE

UNITED STATES OF AMERICA                                                                          PLAINTIFF

v.                                                              CRIMINAL ACTION NO. 3:13-CR-00082-CRS

RAIMUNDO RAMIREZ                                                                                   DEFENDANT

Memorandum Opinion

I.   Introduction

A federal grand jury indicted Raimundo Ramirez and his co-defendants for conspiring to "possess with the intent to distribute and distribute 1,000 kilograms or more" of marijuana. Indictment 1, ECF No. 15; *see also*, Superseding Indictment 1, ECF No. 65 (adding one co-defendant).

Ramirez moved to suppress evidence obtained during the execution of a search warrant on his cell phone.  Mot. Supp. 1, ECF No. 122. [1]  The magistrate judge held a suppression hearing and recommended that this Court suppress the cell phone evidence seized pursuant to that search warrant.  R. & R. 14, ECF No. 228.

The Court will adopt the magistrate judge's report and recommendation in full.  The Court will grant Ramirez's motion to suppress the evidence seized from the forensic examination of the cell phone.

II.   Legal standard

---

[1] Ramirez filed other motions to suppress.  *See* Mot. Supp., ECF No. 123; Mot. Supp., ECF No. 124; Mot. Supp., ECF No. 125.  The magistrate judge has not made a recommendation on those motions.

1

The Court shall make a de novo determination of the proposed findings or recommendations to which the United States objected. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b)(3).

### III. Detective Petter's affidavit

Detective Amber Petter of the Jefferson County Sheriff's Office wrote an affidavit in support of the search warrant for Ramirez's cell phone. Petter Aff. 1, ECF No. 155-3. Detective Petter described the property to be searched as:

> A Verizon Motorola cell phone, blue and grey in color, with number (502) 552-7460, seized from Raimundo Ramirez when arrested on 5/16/2013, to be forensically examined, including documentation of all personal files and information stored within the cell phone, to include text messages, phone contacts, and pictures.

*Id.* Detective Petter checked the box for the following statement: "[T]here is probable and reasonable cause to believe and affiant does believe that said property constitutes ... property or things consisting of evidence which tends to show that a crime has been committed or that a particular person has committed a crime." *Id.* at 2. Detective Petter had been with the Jefferson County Sheriff's Office for three years, and she made the observations in that capacity. *Id.* The affidavit continues,

> On the 22 day of May 2013 at approximately 11:28 a.m. affiant received information from/observed:
>
> Affiant arrested Raimundo Ramirez, ..., for Conspiracy with intent to distribute a schedule 1 Controlled Substance Marijuana United States Code Section 812 in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vii) and in violation of Title 21, United States Code, Section 846.[2]

---

[2] DEA Special Agent Brian Bester testified that the person who arrested Ramirez was DEA Special Agent Michael Cates. Supp. Hr'g Tr. 21, ECF No. 210. Cates did not testify at the suppression hearing.

2

>Acting on the information received, affiant conducted the following independent investigation:
>
>-When affiant arrested Raimundo Ramirez [he] was in possession of a Verizon Motorola cell phone, blue and grey in color, with phone number (502) 552-7460.
>
>-Affiant knows through training and field experience that individuals may keep text messages or other electronic information stored in their cell phones which may relate them to the crime and/or co-defendants/victim.

*Id.* Detective Petter signed the affidavit, and Judge Stephanie Burke of Jefferson County District Court issued the search warrant. *Id.* at 3.

  IV. <u>Whether probable cause supported the affidavit in support of the search warrant.</u>

  The Fourth Amendment provides, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. The Court must limit its review to the four-corners of the affidavit to determine whether probable cause exists. *United States v. Dyer*, 580 U.S. 386, 390 (6th Cir. 2009).

  In June 2014, the Supreme Court addressed whether a police officer could search a cell phone in a suspect's possession incident to arrest. *Riley v. California*, 134 S.Ct. 2473, 2480 (2014). The Supreme Court held that police officers must generally obtain a search warrant before searching a cell phone. *Id.* at 2485.

  Ramirez does not argue that the law enforcement officials searched his phone incident to arrest. The United States says, "Ramirez's cellular telephone was not searched incident to his arrest." Obj. R. & R. 3, ECF No. 234.[3]

---

[3] The United States has not argued that at the time Detective Petter sought and obtained the search warrant for Ramirez's phone in May 2013, the law did not require police officers to obtain a warrant for the search of a cell phone. In May 2013, whether a law enforcement officer could conduct a warrantless search of a cell phone incident to arrest remained an open question in this circuit. *See* discussion *in United States v. Gholston*, 993 F.Supp.2d 704, 711 (E.D. Mich. Jan. 27, 2014) (declining to rule on the issue). Several district courts in this circuit that addressed the issue pre-*Riley* concluded, based on guidance from the Fourth, Fifth, and Seventh

3

Ramirez argues that the search of the phone was invalid because the affidavit in support of the search warrant failed to establish probable cause. Mot. Supp. 1. He argues, "Specifically, the affidavit notes only the arrest of Ramirez and the charges for which he was accused," and "[n]o details of his arrest or his charges are contained in the affidavit." *Id.* Finally, he argues, "The only basis for a search of the telephone is a general and conclusory statement that the affiant, who has only been in law enforcement for three (3) years, has 'training and field experience that individuals may keep text messages or other electronic information stored in their cell phones which may relate them to the crime and/or co-defendants/victim.'" *Id.*

The Court will address the government's objections to the report and recommendation in turn.

First, the United States objects to the magistrate judge's finding that the information contained in the search warrant affidavit was conclusory and did not support a finding of probable cause. Obj. R. & R. 2 – 4, ECF No. 234.

The four corners of affidavit assert the following facts: 1) when Detective Petter arrested Ramirez on May 16, 2013 for conspiring to possess marijuana with the intent to distribute, he "was in possession of a Verizon Motorola cell phone, blue and gray in color, with phone number (502) 552-7460," and the cell phone was seized; 2) Detective Petter knew "through training and field experience that individuals may keep text messages or other electronic information stored in their cell phones which may relate them to the crime and/or co-defendants/victim." Aff. 1 – 2.

Reading the affidavit in a "practical, common-sense manner," there are no claims of possible wrongdoing on the part of Ramirez in the four-corners of the affidavit. *See Illinois v.*

---

Circuits, that searching a cell phone incident to arrest did not violate the Fourth Amendment. *United States v. Stephens*, 2013 WL 5409907 *1, *11 (Sept. 25, 2013); *United States v. Slaton*, 2012 WL 2374241 *1, *8 (E.D. Ky. Jun. 22, 2012); *United States v. Martin*, 2012 WL 6764800 *1, *6 – *7 (E.D. Mich. Nov. 9, 2012).

4

*Gates*, 462 U.S. 213, 238 (1983). Ramirez enjoys the presumption of innocence on the conspiracy charge[4] unless and until the United States proves his guilt beyond a reasonable doubt. Ramirez's arrest for conspiracy is only an allegation of drug dealing, and without more, the nonspecific, uncorroborated allegation of drug dealing in the affidavit is insufficient to justify a search warrant for Ramirez's cell phone.

The United States argues, "The affidavit clearly includes the grounds to support Detective Petter's belief and her conclusion that records of drug transactions existed on Ramirez's cellular telephone." The Court disagrees. Nowhere on the affidavit does Detective Petter conclude that Ramirez's phone may contain "records of drug transactions." To the contrary, the affidavit says only that unspecified "individuals may keep text messages or other electronic information stored in their cell phones which may relate them to the crime and/or co-defendants/victim." Aff. 2. Without any additional detail tying Ramirez's arrest to his cell phone, this boilerplate statement is insufficient to establish the particularized facts demonstrating fair probability that evidence of a crime will be located on the phone.

Second, the United States objects to the magistrate judge's finding that the affidavit failed to establish a sufficient nexus between the cell phone and the evidence to be seized from the cell phone. Obj. R. & R. 4 – 7.

The affidavit identifies the place to be searched as: "A Verizon Motorola cell phone, blue and grey in color, with number (502) 552-7460, seized from Raimundo Ramirez when arrested on 5/16/2013." Aff. 1. The affidavit identifies the evidence to be seized through forensic examination as "all personal files and information stored within the cell phone, to include text

---

[4] The affidavit itself does not include the word "charge" at all, and makes no mention of the criminal complaint filed against Ramirez on May 17, 2013 or the Indictment issued the same day the search warrant for the phone was issued. The affidavit does cite to the statute Ramirez is accused of violating.

messages, phone contacts, and pictures." *Id.* The purported nexus is that Detective Petter knew "through training and field experience that individuals may keep text messages or other electronic information stored in their cell phones which may relate them to the crime and/or co-defendants/victim." *Id.* at 2.

"The affidavit must establish a nexus between the place to be searched and the things to be seized, such that there is a substantial basis to believe that the things to be seized will be found in the place searched." *United States v. Bass*, 785 F.3d 1043, 1049 (6th Cir. Apr. 15, 2015). In *Bass*, a court of appeals case decided after *Riley*, the defendant argued that "the affidavit failed to show that *this particular cell phone* likely contained evidence of identity theft." *Id.* The court of appeals affirmed the district court's finding of a sufficient nexus because "the affidavit stated that Bass and his co-conspirators frequently used cell phones to communicate. It further noted that Bass was using the particular burgundy Kyocera Torino cell phone when officers seized it incident to his arrest." *Id.*

The only information in the affidavit indicating any likelihood that evidence of a crime might be found on Ramirez's phone was the fact that he was arrested for an alleged drug conspiracy while he possessed the phone. Possessing a cell phone during one's arrest for a drug-related conspiracy is insufficient by itself to establish a nexus between the cell phone and any alleged drug activity.

Further, although Detective Petter's "training and experience" may be considered in determining probable cause, "it cannot substitute for the lack of evidentiary nexus in this case, prior to the search," between the cell phone and any criminal activity. *See United States v. Schultz*, 14 F.3d 1093, 1097 (6th Cir. 1994). As the magistrate judge noted,

> Detective Petter's statement regarding her training and experience lacks any specific reference to the crime of drug trafficking. It generalizes that 'an

6

> individual' may have information on his or her phone that connects him or her to a crime, co-defendants or victims, rather than specifically connecting Ramirez, the crime with which he was charged, or any known information about communications made using this particular phone.

R. & R. 7.

The United States argues that the affidavit established a sufficient nexus because Ramirez possessed the phone at the time of his arrest, and "cell phones and firearms are generally considered the 'tools of the trade' of drug traffickers." Obj. 5 (quoting *United States v. Gorny*, 2014 WL 2860637 (W.D. Pa. 2014)).

Even if cell phones are the "tools of the trade" of drug traffickers, the *Gorny* opinion undermines the government's argument regarding the sufficiency of this affidavit. In the very next sentence after "cell phones and firearms are generally considered 'tools of the trade' of drug traffickers," the *Gorny* opinion says: "the basis for the detectives' probable cause to search the cell phones seized from Gorny [arose] from the fact that they knew Gorny himself used cell phones as a tool of his own drug trafficking rather than the suggested empty assertions about drug traffickers generally." *Id.* at *6. Further, the two affidavits at issue in *Gorny* provided details of an investigation by undercover officers who received the suspect's phone number during a controlled buy. *Id.* at *2. Ultimately, the district court in *Gorny* held that the affidavits established probable cause to search the two phones seized from Gorny. *Id.* at *4.

Here, unlike in *Gorny*, there is nothing in the affidavit asserting that Petter knew Ramirez used the phone as a tool of drug trafficking. Unlike the affidavit in *Gorny* which provided details of the investigation, "[t]he affidavit also omits any information regarding the wiretap warrants, evidence obtained in the search of his residence, or the ongoing investigation by the DEA into Ramirez's alleged involvement in a drug trafficking organization." R. & R. 6.

The Court will adopt the conclusion of the magistrate judge that "there was insufficient information to establish probable cause within the four corners of the affidavit to issue the search warrant." R. & R. 8.

V. Whether the officers' reliance on the search warrant was in good faith such that the Court should not exclude the cell phone evidence.

Third, the United States objects to the magistrate judge's conclusion that law enforcement's reliance on the warrant was not in good faith because the affidavit was so lacking in probable cause as to render official belief in its existence entirely unreasonable. Obj. R. & R. 7 – 8.

In its objection to the report and recommendation, the United States did not cite to a single case in support of its argument that law enforcement relied in good faith on this search warrant. *See id.* The three court of appeals cases cited in the government's post-hearing brief do not support a finding of good faith reliance here. *See United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996) ("It takes but a few minutes more for law enforcement authorities to obtain and include sufficient particularized facts so that magistrates may perform their detached function fully informed."); *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004) (en banc) (although the affidavit did not establish probable cause, it "was not totally lacking in facts connecting the residence to the marijuana patches" to preclude good-faith reliance); *United States v. Washington*, 380 F.3d 236, 243 (6th Cir. 2004) (five facts listed in affidavit "clearly satisfy the 'so lacking' standard necessary for *Leon*'s good-faith exception to be applied.").

Here, the only particularized facts in the affidavit include the description of the phone, the fact that Ramirez was arrested for a drug-related conspiracy while possessing the phone, and that Detective Petter had served for three years in the Jefferson County Sheriff's Office. An

8

objectively reasonable law enforcement officer would have recognized that this affidavit was so lacking in indicia of probable cause as to preclude good faith reliance on the search warrant.

The Court will adopt the conclusion of the magistrate judge that the good-faith exception does not apply because the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *See* R. & R. 11 – 13.

VI. Conclusion

The Court will adopt the report and recommendation in full. The Court will grant Ramirez's motion to suppress the evidence seized from the forensic examination of the cell phone.

April 11, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

9