UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                        CRIMINAL ACTION NO. 3:13-CR-00082-CRS

RAIMUNDO RAMIREZ                                                    DEFENDANT

Memorandum Opinion

I.       Introduction

A federal grand jury indicted Raimundo Ramirez and his co-defendants for conspiring to "possess with the intent to distribute and distribute 1,000 kilograms or more" of marijuana. Indictment 1, ECF No. 15; *see also* Superseding Indictment 1, ECF No. 65 (adding one co-defendant).

Ramirez moved to suppress all evidence obtained through a series of wiretaps. Ramirez's Mot. Suppress 1, ECF No. 125; Ramirez's Suppl. Mot. Suppress 1–7, ECF No. 165. The United States filed a response. United States' Resp. Mot. Suppress, ECF No. 180. Ramirez did not reply.

The magistrate judge recommended that the Court deny Ramirez's original motion to suppress, ECF No. 125. R. & R. 43, ECF No. 248. He also recommended that the Court grant in part and deny in part Ramirez's supplemental motion to suppress, ECF No. 165. *Id*.

The United States and Ramirez filed objections to the magistrate judge's report and recommendation. United States' Obj. R. & R., ECF No. 252; Ramirez's Obj. R. & R., ECF No. 253. For the reasons stated below, the Court will sustain the United States' objection, ECF No. 252. The Court will overrule Ramirez's objections, ECF No. 253.

II.     Standard of Review

The Court makes a de novo determination of the proposed findings or recommendations to which the United States and Ramirez object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

III.    United States' Objection to the Factual Finding Related to Target Telephone 1

The United States objects to the magistrate judge's finding that the first wiretap application for Target Telephone 1 was submitted on March 26, 2012. United States' Obj. R. & R. 1, ECF No. 252. There is no mention in the record of a wiretap application being made on that day.[1] Therefore, the Court will sustain the United States' objection to the magistrate judge's finding.

IV.     Ramirez's Objection to the Report and Recommendation's Background Information

Ramirez objects to two sentences of the report and recommendation's background information. Ramirez's Obj. R. & R. 2, ECF No. 253. He asserts that the two sentences violate his right to be presumed innocent. *Id*. He also claims that the sentences likely affected the magistrate judge's decision to deny his motion to suppress. *Id*. The first sentence to which Ramirez objects states, "Communications intercepted by the DEA as a result of the wiretaps led to evidence that Ramirez and others were distributing drugs in Louisville, Kentucky and surrounding areas." R. & R. 3, ECF No. 165. The second of these sentences is, "Based on surveillance and on communications intercepted as result of the wiretaps, the DEA identified Ramirez as a member of the drug trafficking organization." *Id*.

---

[1] On March 26, 2012, Special Agent Jason D. Moore searched the DEA, FBI, and ICE electronic surveillance (ELSUR) indices for orders authorizing the inception of oral, wire, or electronic communications related to the Target Interceptees and Target Telephone 1. United States' Resp. Mot. Suppress, Ex. F-2 Moore Aff. ¶ 14, ECF No. 180-13.

These sentences serve to contextualize the magistrate judge's report and recommendation. They are merely part of the background section— they are not findings of fact. This Court thus finds that Ramirez's objection to the sentences lacks merit.

V.    Ramirez's Objections to the Denial of his Request for an Evidentiary Hearing

In *Franks v. Delaware*, the Supreme Court determined when a district court must conduct an evidentiary hearing regarding the validity of an affidavit supporting a search warrant. 438 U.S. 154 (1978). The Court explained, "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id*. at 171.

Ramirez requested a *Franks* evidentiary hearing to determine the validity of the affidavit supporting the application to intercept wire communications from Target Telephone 3. *See* Ramirez's Mem. Supp. Mot. Suppress 6–7, 11, 16, 19, ECF No. 125. He based his request on three statements in the affidavit that he claims are false, as well as on what he considers to be a material omission. *Id*.

The magistrate judge determined that Ramirez was not entitled to an evidentiary hearing. R. & R. 14, ECF No. 248. The magistrate judge explained that Ramirez "failed to make a substantial preliminary showing that any of the . . . statements were false statements made by Special Agent [Brian C.] Bester, either knowingly or intentionally or with reckless disregard for the truth." *Id*. Ramirez objects to this finding. Ramirez's Obj. R. & R. 3–5, ECF No. 253. Ramirez also objects to findings related to alleged inconsistencies between the affidavit in support of Application 2 and the affidavit in support of Application 3. *Id*. at 5.

3

A.      Alleged False Statement 1: "At this time, both groups [target interceptees and target subjects] are predominately the same. However, it is anticipated that other targets will be identified during the course of the proposed communication intercept."

Ramirez objects to the magistrate judge's finding that the first statement was not false. Ramirez's Obj. R. & R. 2, ECF No. 253. Ramirez contends that the magistrate judge failed to address his ancillary argument that the seven named offenses listed in the affidavit constitute a false statement because he was charged with violating only one of them. *Id*. But Ramirez does not explain why the offenses listed in the affidavit must be the same as the offenses with which he was charged. This argument is thus unavailing.

Ramirez also claims that the magistrate judge misinterpreted his argument that the target interceptees and target subjects listed in the affidavit constitute a false statement because they were not the same as the individuals who were later indicted or charged. Ramirez's Obj. R. & R. 2, ECF No. 253. Ramirez asserts that he intended to point out this difference only for the affidavit for Target Telephone 3. *Id*. Yet Ramirez does not explain why the target interceptees and target subjects listed in the affidavit for Target Telephone 3 must be the same as the people who were ultimately indicted or charged. This Court accordingly finds that this argument is unsuccessful and that Ramirez's objection lacks merit.

B.      Alleged False Statement 2: "Shortly after initiating the intercept on [Target Telephone 2], Ramirez traveled to Mexico to oversee the delivery of what is believed to be drug proceeds."

Ramirez objects to the magistrate judge's finding that the second statement was not false. Ramirez's Obj. R. & R. 4, ECF No. 253. He summarily argues that he made a substantial showing that the statement was false. *Id*. He also asserts that "[c]ontrary to the Report and Recommendation, the false statement originated with the government affiant -- SA Bester -- rather than the informant CS2." *Id*.

4

In the affidavit for Target Telephone 3, Special Agent Bester states:

> Shortly after initiating the intercept of Target Telephone 2, RAMIREZ traveled to Mexico to oversee the delivery of what is believed to be drug proceeds. Prior to RAMIREZ leaving, he approached CS2 about accompanying him on the trip to Mexico and then following a vehicle back to Kentucky with him. RAMIREZ didn't tell CS2 exactly what they would be transporting or escorting, but CS2 thought RAMIREZ was taking drug proceeds back to Mexico and then escorting a drug shipment back to Kentucky. Based on that information and intercepted calls, it was apparent to agents that RAMIREZ was transporting something to Mexico with him. Despite RAMIREZ's conversations with CS2 about the trip, RAMIREZ traveled to Mexico without CS2. . . . while in Mexico, RAMIREZ was arrested for unknown reasons.

Aff. Ex. A-2 at 46–47, ECF No. 180-3. The affidavit claims only that Ramirez was *believed* to have traveled to Mexico with drug proceeds. This belief rested upon information from CS2 and intercepted calls. Thus, the Court concludes that the magistrate judge correctly determined that the second statement was not false and that Ramirez's objection lacks merit.

C.      Alleged False Statement 3: "To date, the investigation indicates that Ramirez deals primarily in cash."

Ramirez objects to the magistrate judge's finding that the third statement was not false. Ramirez's Obj. R. & R. 4, ECF No. 253. He maintains that the magistrate judge did not rely on specific information in making this finding and that there was no specific information in the affidavit that would support such a finding. *Id*. at 4–5.

When the affidavit for Target Telephone 3 was submitted, CS2 had told the investigators that he or she believed that Ramirez's mother had been arrested after she had attempted to drive into Mexico with one million dollars hidden in a Hummer vehicle. Aff. Ex. A-2 at 29–30, ECF No. 180-3. Additionally, Ramirez had been seen entering a Fifth Third Bank with a briefcase at his side and leaving with it slung over his shoulder, implying that it weighed less when he left the bank and that he had been carrying cash. Aff. F-2, at 57, ECF No. 180-13. This evidence, combined with the investigators' experience in investigating drug trafficking, could lead them to

5

the belief that Ramirez dealt in cash. The Court thus concludes that the magistrate judge correctly decided the issue and that Ramirez's objection lacks merit.

> D. Material Omission: Ramirez used the Mt. Eden Road location as a residence and not for illegal activity.

Ramirez objects to the report and recommendation's finding that the affidavit's failure to include that he used the Mt. Eden Road location as a residence was not a material omission. Ramirez's Obj. R. & R. 5, ECF No. 253. He contends that the magistrate judge ignored that evidence from a pole camera showed that he and his family used the address as their family home. *Id.*

While *Franks* permits inquiries into material omissions, "an affidavit which omits potentially exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information." *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997) (citing *United States v. Martin*, 920 F.2d 393, 398 (6th Cir. 1990)). In the affidavit for Target Telephone 3, Special Agent Bester appears to assert exactly what the government knew about the Mt. Eden Road location:

> At this time, it is not known if this residence is even a site of criminal activity for the RAMIREZ DTO. Affiant is aware that it is common for drug traffickers to utilize multiple residences and locations in which to compartmentalize their operation. It is not uncommon for drug traffickers to use one location for a residence, another for storage of contraband, and yet another from which they distribute illegal drugs. At this time, the exact manner in which 11171 Mount Eden Road is utilized by the RAMIREZ DTO is unknown and cannot be determined through physical surveillance alone.

Aff. Ex. A-2 at 56, ECF No. 180-3. The affidavit also explains that the evidence from the pole camera served a "limited purpose" because of the "extreme distance this camera had to be set from the 11171 Mount Eden Road location." *Id*. at 57. The pole camera only "serv[ed] the purpose of showing vehicles arriving and departing the 11171 Mount Eden Road address." *Id*.

This language shows that the affidavit included all available information about the 11171 Mount Eden Road location, including its possible use as a family home. Therefore, Ramirez's argument about the affidavit's failure to include that he used the Mt. Eden Road location as a residence is unavailing, and the Court will overrule this objection.

E.     Discrepancies in the affidavit submitted by Special Agent Moore in support of Application 2 and the affidavit submitted by Special Agent Bester in support of Application 3.

Ramirez objects to the report and recommendation's findings related to alleged inconsistencies between the affidavit in support of Application 2 and the affidavit in support of Application 3. Ramirez's Obj. R. & R. 5, ECF No. 253. Ramirez maintains in a conclusory fashion that he "made a substantial preliminary showing that there were significant discrepancies between the two affidavits, and accordingly he should be given an evidentiary hearing to question the agents regarding the discrepancies." *Id*. Ramirez does not provide any additional proof that he made such a showing.

A de novo review leads to the Court to the conclusion that the objection lacks merit.

VI.     Ramirez's Objections to Title III Findings

Ramirez challenges several determinations in the report and recommendation related to Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"). Ramirez's Obj. R. & R. 6, ECF No. 253. He objects to the report and recommendation's conclusions related to the necessity requirement, probable cause, and minimization requirement. *Id*. He also objects to the report and recommendation's findings related to the United States' production of applications and affidavits under Title III. *Id*. at 9–10.

A.      Necessity Requirement

Title III requires that "[e]ach application for an order authorizing or approving the interception of a wire communication" include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). In his motion to suppress, Ramirez argued that the United States failed to meet this standard because the investigative agents did not thoroughly utilize alternative investigative techniques, including (1) confidential sources, (2) undercover agents, (3) physical surveillance, (4) pole cameras, (5) pen registers and toll analysis, (6) search warrants, (7) tracking devices, (8) trash searches, (9) administrative subpoenas, (10) grand jury subpoenas, (11) interviews of investigative targets and associates, and (12) financial investigation. Ramirez's Mem. Supp. Mot. Suppress 13–20, ECF No. 125. The magistrate judge analyzed each category of alternative investigative techniques and determined that the United States had met Title III's necessity requirement. R. & R. 17–24, ECF No. 248. Ramirez objects to this finding, asserting that "[t]he Report and Recommendation addressed each of [his] arguments, but failed to fully address the arguments raised by [him]." Ramirez's Obj. R. & R. 6–7, ECF No. 253. Ramirez does not explain which of his arguments have not yet been fully addressed. Thus, this Court finds that the objection lacks merit.

B.      Probable Cause

Under Title III, the judge issuing an order authorizing or approving the interception of a wire communication must determine whether the facts alleged in the application give rise to probable cause to believe that (1) an individual is committing, has committed, or is about to commit a particular offense enumerated in § 2516, (2) communications about that offense will be obtained through electronic surveillance, or (3) the location of the electronic surveillance has

been used, is being used, or will be used in the commission of the offense, or is leased to, listed in the name of, or commonly used by the individual suspected of the offense. 18 U.S.C. § 2518(3)(a), (b), and (c).

In his motion to suppress, Ramirez argued that there was not probable cause for interception of a wire communication. Ramirez's Mem. Supp. Mot. Suppress 7–10, ECF No. 125. The magistrate judge examined whether the affidavit in support of the interception of Target Telephone 2 and the affidavit in support of the interception of Target Telephone 3 gave rise to probable cause. R. & R. 28–36, ECF No. 248. The magistrate judge found that both affidavits gave rise to probable cause. *Id*. at 30, 36. Ramirez objects to this finding. Ramirez's Obj. R. & R. 8–9, ECF No. 253. He argues that he "showed [that] information provided by four confidential sources, namely, CS1, CS2, CS3, and CS4, failed to establish specific facts for the issuing judge to conclude that there was a fair probability that the requested wiretaps would uncover evidence of a crime, and that [he] was committing, had committed, or was about to commit one of the enumerated crimes." *Id*. The Court conducted a de novo review and finds that the objection lacks merit.

C.     Failure to Minimize

Electronic surveillance must "be conducted in such a way as to minimize the interception of communications not otherwise subject to interception under this chapter." 18 U.S.C. § 2518(5). In his motion to suppress, Ramirez argued that the United States failed to minimize the interceptions from Target Telephone 3. Ramirez's Mem. Supp. Mot. Suppress 20, ECF No. 125. In finding that the United States did minimize the interceptions, the magistrate judge looked to the sworn statement that "[a]ll interceptions will be minimized in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code." R. & R. 37–38, ECF

No. 248. The magistrate judge also considered that Ramirez did not provide specific interceptions showing that the United States deviated from its promise to adhere to Chapter 119. *Id.* at 38. Ramirez now argues that "it is clear that many of the intercepted conversations are innocent and involve no criminal activity whatsoever." Ramirez's Obj. R. & R. 8, ECF No. 253. The Court conducted a de novo review and concludes that the objection lacks merit.

      D.      <u>Production of Documents</u>

An application and affidavit for a Title III order is discoverable when the government plans to use the contents of the interception in a trial, hearing, or court proceeding. 18 U.S.C. § 2518(9). Ramirez objects to the magistrate judge's findings related to the United States' production of the applications and affidavits related to communications to Target Telephone 1 and Target Telephone 2. Ramirez's Obj. R. & R. 9–10, ECF No. 253.

          i.   *The United States' Production of a Redacted Application and Supporting Affidavit for Interception of Communications to Target Telephone 1*

Ramirez requested that the United States produce an unredacted copy of the Target Telephone 1 affidavit and application because the "Government obtained wire communications from [this] telephone[] which were included in subsequent Title III affidavits and applications." Ramirez's Suppl. Mem. Supp. Mot. Suppress 2, ECF No. 165. The magistrate judge determined that because a Title III order was never issued for Target Telephone 1, Ramirez was not entitled to section (9) disclosure of the Target Telephone 1 affidavit and application. R. & R. 40, ECF No. 248. Ramirez generally objects to this ruling. *See* Ramirez's Obj. R. & R. 9, ECF No. 253 ("The Report and Recommendation erroneously concluded the United States was not required to disclose these documents to Ramirez."). Ramirez does not cite to any new case law or facts in support of why the United States should disclose the documents.

This Court reviewed de novo the issue of whether Ramirez is entitled to an unredacted copy of the Target Telephone 1 affidavit and application. Having done so, this Court finds that the magistrate judge correctly decided the issue and that Ramirez's objection lacks merit.

> ii.     The United States' Production of a Redacted Application and Supporting Affidavit for Interception of Communications to Target Telephone 2

Ramirez also requested that the United States produce an unredacted copy of the Target Telephone 2 affidavit and application because the "Government obtained wire communications from [this] telephone[] which were included in subsequent Title III affidavits and applications." Ramirez's Suppl. Mem. Supp. Mot. Suppress 2, ECF No. 165. The magistrate judge explained that Ramirez is entitled to an unredacted section (9) disclosure of the Target Telephone 2 affidavit and application if the United States plans to use the intercepted wire communications from Target Telephone 2 at a hearing, procedure, or trial. R. & R. 43, ECF No. 248. Ramirez maintains that he is entitled to the unredacted disclosure of the affidavit and application for Target Telephone 2 regardless of whether the United States uses the communications at a hearing, procedure, or trial. Ramirez's Obj. R. & R. 10, ECF No. 253. He argues that he is entitled to the affidavit and application because "the Government has made use of the communications." *Id.*

18 U.S.C. § 2518(9) provides:

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved.

The language of the statute does not permit a defendant to obtain disclosure of the affidavit and application if the United States simply uses the communications aside from a trial, hearing, or

11

other proceeding. Ramirez provides no authority suggesting otherwise. Thus, the Court finds that Ramirez's objection lacks merit.

VII.   Conclusion

The Court will sustain the objection of the United States to the report and recommendation of the magistrate judge. The Court will overrule the objections of the defendant, Ramirez, to the report and recommendation of the magistrate judge. The Court will accept and adopt the findings of fact, conclusions of law, and recommendations of the United States magistrate judge with the exception of the following: the Court will vacate the finding that the application for Target Telephone 1 was submitted on March 26, 2012. The Court will deny Ramirez's original motion to suppress, ECF No. 125. The Court will also grant in part and deny in part the supplemental motion to suppress, ECF No. 165.

October 11, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**

12