UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.                                                              CRIMINAL ACTION NO. 3:13CR-82-CRS

RAIMUNDO RAMIREZ                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the objections of the defendant, Raimundo Ramirez to the Findings of Fact, Conclusions of Law, and Recommendations of the United States Magistrate Judge (the magistrate judge's "reports") concerning two motions for suppression of evidence. In two separate reports, the magistrate judge recommended that the motions to suppress (DNs 123, 124) be denied. We have reviewed the reports and objections thereto. We have conducted a de novo review of those portions of the record to which the defendant objects, but find no matters which require further findings by the court. The magistrate judge heard evidence on the issues[1] and rendered thorough and detailed reports addressing Ramirez' arguments. DNs 265, 266. After conducting our own review, this court concludes that the objections are nothing more than a rehash of arguments presented to the magistrate judge and properly rejected by him in his reports. We will therefore accept and adopt the magistrate judge's findings and recommendations as to both suppression motions.

---

[1] In the instance of Ramirez' challenge to the legality of his arrest, the magistrate judge took additional evidence in a second suppression hearing on that point.

Ramirez and six co-defendants were indicted for conspiring to possess with intent to distribute and to distribute 1000 kilograms or more of marijuana during the period February 15 to May 16, 2013. DN 65, Superseding Indictment. The defendants filed a series of motions to suppress evidence. The two motions at issue here are the last in this series to resolve various evidentiary issues.

Ramirez seeks to suppress statements he made while under arrest and subject to interrogation on May 16, 2013. He alleges that his arrest was unlawful, that he was not given the *Miranda* warning and thus he did not knowingly and voluntarily waive his rights, and that his statements were not made within the six-hour window after arrest during which interrogation must have occurred for his statements to be admissible. DN 123, 249. He also seeks to suppress evidence seized pursuant to a search warrant from 2034 Jaycee Drive in New Albany, Indiana, a property allegedly rented by Ramirez and used as a stash house for drugs. He first contends that the items seized from the search constitute fruit of the poisonous tree, as the information used to obtain the warrant came from a purportedly illegal wiretap. He further contends that the affidavit contained either false or stale information, did not contain sufficient information to establish probable cause, and that the warrant obtained was vague and overbroad. DN 124.

The magistrate judge found in his report addressing the motion to suppress statements (DN 265) that the warrantless arrest of Ramirez outside of his then-current residence on Ranger Road in Louisville, Kentucky was based upon sufficient evidence developed during the on-going investigation of suspected drug trafficking activity including participation by Ramirez who was believed to have rented a number of properties used by the conspirators as drug stash houses. The magistrate judge recited in great detail the evidence presented by the United States

2

concerning the development of the information yielding probable cause to believe that Ramirez was, indeed, a co-conspirator.

Ramirez states in his objections that he has "reviewed the Findings of Fact, and believes the Report and Recommendation contains an accurate summary of the witness testimony, as set forth in two transcripts of hearings September 18, 2015 and May 19, 2016, respectively." DN 268, p. 2. Rather, Ramirez' objections attempt to downplay the impact of the evidence adduced by suggesting that the magistrate judge placed too much emphasis on the "facts" in the Criminal Complaint, Affidavits for Search warrants and references to Title III Wiretap Intercepts, and thereby failed to focus on the "absence of facts specifically related to Ramirez." DN 268, p. 2. However, the magistrate judge discussed evidence gathered concerning Ramirez' own activities, and their connection to the alleged drug trafficking conspiracy. This evidence included telephone conversations concerning Ramirez' involvement with various rental properties where drug trafficking activity was believed to have occurred (Mt. Eden Road, Waddy, Kentucky) and from where drug paraphernalia and large amounts of cash were seized (Jaycee Drive, New Albany, Indiana). Further, a large shipment of drugs was seized on the morning of Ramirez' arrest from yet another property which was under surveillance in connection with the alleged conspiracy. Nearly 5,000 pounds of marijuana was seized at 906 Ulrich Avenue, Louisville, Kentucky. The precise quantity of drugs seized was not known to the officers at the time of Ramirez' arrest, but SA Cates had seen the seizure which consisted of stacks of plastic covered bricks of marijuana approximately 5' x 20' x 6' in area.

Contrary to Ramirez' contention, the magistrate judge acknowledged that the Mt. Eden Road property did not appear to be actively utilized as a stash house until after Ramirez moved out. The intercepted conversations with a co-defendant purportedly establish Ramirez'

3

knowledge that the property was being used for drug trafficking activities and evidence Ramirez' involvement in attempting to conceal that fact. He also noted that there was no evidence adduced linking Ramirez to the Ulrich Avenue property. The magistrate judge assessed the facts, and found, considering the totality of the circumstances, that probable cause existed for the warrantless arrest of Ramirez on May 16, 2013. We agree with the magistrate judge's assessment. Ramirez' objections do not articulate an error in this assessment; only his disagreement with the outcome.

Ramirez contends that he was not given the *Miranda* warning at the time of his interrogation. The testimony at the suppression hearing was that he was read the warning in English, that he acknowledged his rights, appeared to understand them, and voluntarily spoke during the interrogation until it was terminated upon SA Bester's pronouncement to Ramirez that he did not believe that Ramirez was telling the truth. Bester testified that there was nothing to cause him to doubt that Ramirez understood his rights, that the interrogation was brief and "cordial enough." The magistrate judge found the testimony credible and concluded that the United States had shown by a preponderance of the evidence that Ramirez made a knowing, intelligent, and voluntary waiver of his *Miranda* rights. We do not find any reason to question the credibility determination of the magistrate judge.

Ramirez' contends that the evidence lacks reliability because a second officer who was present during the interrogation was not called as a witness, and because a written waiver was not obtained from Ramirez. The magistrate judge addressed Ramirez' reliability challenges in his report, explaining that formal or express waiver need not be shown where there is sufficient evidence to establish that the accused was advised of an understood his rights. The magistrate judge enumerated the basis for this finding in detail, and concluded that SA Bester's testimony

4

constituted sufficient reliable evidence. DN 265, p. 17-19. Ramirez' objection on this point merely reiterates his prior argument which we conclude was properly rejected by the magistrate judge as meritless.[2]

Further, Ramirez contends that there was not a sufficient showing to establish that the interrogation took place within six hours of Ramirez' arrest. The magistrate judge thoroughly addressed the evidence in this regard. Based on testimony he found to be credible, the magistrate judge determined that the interrogation took place well within the six-hour window. Ramirez' argument concerning the lack of precision in establishing the time is without merit.

Based upon the foregoing, the court concludes that the motion to suppress evidence of Ramirez' statements (DN 123) should be denied.

In his report concerning the search of 2034 Jaycee Drive (DN 266), the magistrate judge found that Ramirez' argument for suppression of the evidence seized as fruit of the poisonous tree was without merit, as his challenge to the wiretap intercepts from "target telephone three" had already been rejected by the court. In his objections, Ramirez does not concede the correctness of the result, but acknowledges the court's rejection of the "target telephone three" challenge which moots the fruit of the poisonous tree argument. The court finds no error in the magistrate judge's conclusion.

The magistrate judge found that there was probable cause to support the issuance of the search warrant for Jaycee Drive. The magistrate judge correctly determined that "there was probable cause to believe that evidence of drug trafficking was located at the Jaycee Drive residence," noting that "Courts may afford considerable weight to the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found and the courts

---

[2] Ramirez made a related Sixth Amendment right to counsel argument which he repeated in his objections. This argument was also properly rejected as without legal merit, as no Sixth Amendment right to counsel had yet attached. DN 265, p. 20-21.

5

are entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the crime and the type of offense." DN 266, p. 14 (internal quotations omitted). The magistrate judge found credible evidence linking Ramirez to Jaycee Drive and illegal activity. The detailed findings of the magistrate judge clearly support this conclusion and the finding of probable cause for the search. Ramirez' objections restate his earlier arguments that probable cause is lacking. He takes issue with the weight given the evidence, but offers nothing more. Upon review, we find that the magistrate judge's findings and conclusions are sound.

Ramirez restated his argument that the affidavit for search warrant contained a "false" or, alternatively, "stale" statement. As explained by the magistrate judge, the mention of "2004" in one place in the affidavit is a clear typographical error when read in the context of the entire document. To suggest that this constitutes a "falsity" that would mislead an authorizing official to improperly issue the search warrant is, to say the least, a stretch.

Additionally, Ramirez urges that the statement that "the DEA Louisville District (LDO) placed a series of recorded phone calls to Ramirez…" is "false," since it has been established that the DEA initiated the calls and then a confidential informant actually spoke to Ramirez. This amounts to splitting hairs. As established by the hearing testimony, and found by the magistrate judge, the DEA LDO *did* place calls, and utilized the assistance of a confidential informant in attempting to purchase drugs. Ramirez' rehash of this argument does not call the magistrate judge's conclusion into question.

The magistrate judge explained in great detail the evidence he found credible and more than sufficient to support the finding of probable cause and the issuance of the Jaycee Drive search warrant. Ramirez does not object to the summary of the proceedings contained in the "Background" section of the magistrate judge's report as he states that it accurately reflects the

6

evidence adduced. However, he objects to the conclusions reached by law enforcement officers, and in particular, the conclusion as to Ramirez' role in the drug trafficking organization. The magistrate judge's careful analysis of the evidence supporting probable cause for issuance of the warrant spans some ten pages and addresses each argument made by Ramirez. We find that the magistrate judge's finding of probable cause is well supported. In his objections Ramirez reiterates the argument that the evidence does not "establish probable cause that Ramirez was himself involved in any illegal activity," and states in conclusory fashion that no probable cause existed for the issuance of either the "surreptitious" warrant[3] or the search warrant. The magistrate judge fulsomely addressed the arguments and the evidence establishing probable cause. Ramirez' objections merely disagree with the magistrate judge's conclusion.

Ramirez additionally disputes the magistrate judge's conclusion that the warrant was not vague or overbroad. The magistrate judge stated:

> Ramirez further argues that the order authorizing the search and seizure is substantially broader than what is requested in the affidavit. (*See* DN 124 at 2 ("Specifically, paragraph fifteen of the search warrant affidavit lists the items to be searched for and seized based on alleged probable cause, However, the order authorizing the search and seizure of items, as set forth in Exhibit B, is substantially broader than what is requested in the affidavit.") This argument appears to be based on a flawed reading of the search warrant applications. "Exhibit B" to each of the warrant applications is *not* the "order authorizing the search and seizure," as Ramirez describes it. Rather, "Exhibit B" to each application is an exhibit to TFO Slaughter's affidavit that describes in greater detail the items to be searched for. (*See* DN 156-2 at 11; DN 156-3 at 11.) Each warrant signed by Magistrate Judge Naville incorporates by reference that "Exhibit B." (*See* DN 156-2 at 1; DN 156-3 at 1.) It is clear from the context of the warrants that "Exhibit B" was prepared by TFO Slaughter and incorporated by reference into the warrants. Ramirez's contention that the orders permitted the search and seizure of a wider range of items than what is requested in the affidavits in unfounded and, therefore, not a basis on which the evidence recovered from the Jaycee Drive residence should be suppressed.

---

[3] A "surreptitious" search warrant was issued on March 14, 2013 at 4:15 p.m. Later on the same day, Officer Slaughter presented a second search warrant and affidavit to Magistrate Judge Naville. The affidavit was nearly identical to the first with the addition of information describing the execution of the "surreptitious" warrant.

DN 266, p. 30.

Ramirez does not claim that the magistrate judge's analysis of his argument was in error, and our review has found none. Rather, Ramirez states in his objections that he "disagrees" with the magistrate judge's finding that the list of items to be seized satisfies the particularity requirement of the Fourth Amendment, and restates that "the list of the specific items to be searched and seized are not the same in the affidavits and the warrants." DN 267, p. 4. This is a rehash of matters which were considered by the magistrate judge in his report. Upon review of this issue, we find no error in the magistrate judge's findings and conclusion.

For the foregoing reasons, the court concludes that Ramirez' motion to suppress evidence seized in the search of 2034 Jaycee Drive in New Albany, Indiana (DN 124) should be denied.

Therefore, these motions having been heard, and Findings of Fact, Conclusions of Law, and Recommendations having been filed and the court having considered the objections thereto and conducted a de novo review of those portions of the record and reports to which objections have been made, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the Findings of Fact, Conclusions of Law, and Recommendations of the United States Magistrate Judge (DNs 265, 266) are **ACCEPTED AND ADOPTED IN THEIR ENTIRETY** and the motions of the defendant, Raimundo Ramirez, to suppress evidence (DNs 123, 124) are **DENIED.**

January 27, 2017

**IT IS SO ORDERED.**

Charles R. Simpson III, Senior Judge
United States District Court